# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MOLCON, | : | |
| Plaintiff, | : | |
| v. | : | No.: 4:17-CV-905 |
| GRATERFORD PRISON, ETAL., | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### JULY 17, 2017

**I.  BACKGROUND**

Michael Molcon, an inmate confined at the Lackawanna County Prison, Scranton, Pennsylvania initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Molcon submitted an *in forma pauperis* application. For the reasons set forth below, Plaintiff's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are the State Correctional Institution, Graterford, Pennsylvania (SCI-Graterford), two prison employees Correctional Officer Natal, Lieutenant Judge, and ten (10) SCI-Graterford inmates. Plaintiff is also proceeding against the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) and six(6) prisoners confined at that facility. Other Defendants include Warden

Mickey Ameigh of the Wyoming County Prison, Tunkhannock, Pennsylvania; Mike Sillip, who is vaguely described as being a staff member of Saint Michael's School in Wyoming County; and Jerry Pitkus, an employee of Wyoming County Children and Youth.

Plaintiff states that he has been sexually assaulted and abused since his childhood. His initial claim contends that he was assaulted by another boy when he was a child at Saint Michael's School for Boys in Wyoming County and Defendant Pitkus failed to take any action. This alleged attack apparently transpired at some point prior to 1993.

The Complaint next asserts that while in state prison between 1993-2002 Molcon was repeatedly raped by other prisoners. Plaintiff further avers that when he later returned to county prison he was raped by another prisoner. Finally, Plaintiff vaguely asserts that he was raped by several people at SCI-Graterford between 2007-2016. The complaint seeks compensatory damages and injunctive relief.

## II.  DISCUSSION

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial*." Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992).

### A. SCI-Graterford and SCI-Frackville

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Third Circuit similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977).

Courts have also repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

Pursuant to the above standards, SCI-Graterford and SCI-Frackville are clearly not persons for purposes of § 1983 and therefore not subject to civil rights liability. *See Thompkins v. Doe*, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).[1]

---

[1.] There is no claim by Plaintiff that his constitutional rights were violated as the result of any prison policy, custom or practice. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978).

B.  *Inmate Defendants*

As noted earlier, the named Defendants include ten (10) SCI-Graterford inmates and six (6) prisoners who were confined at SCI-Frackville. Molcon indicates that these inmates sexually assaulted him.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). There is no indication that any of the inmate Defendants were employed by any federal or state governmental entity.

There are also no allegations that any of the inmate Defendants were either acting under color of state law or conspired with a state official to violate Molcon's constitutional rights. Accordingly, the inmate Defendants are entitled to entry of dismissal.

C.  *Statute of Limitations*

The complaint contains allegations against the Defendants beginning with Plaintiff's tenure at Saint Michael's School which he indicates transpired at some point prior to 1993. This claim includes an assertion that Defendants Sillip and

Pitkus failed to protect Molcon's safety during that period. There are also contentions pertaining to Plaintiff's incarceration at a state correctional facility, perhaps SCI-Frackville, between 1993-2002 and thereafter at a county prison, presumably the Wyoming County Prison prior to 2007. Finally, Plaintiff raises claims relating to his SCI-Graterford confinement between 2007-2016.

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Supreme Court clarified its decision in *Wilson* when it held that courts "should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).

Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). Furthermore, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis" of his civil rights claim. *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. *Smith v. Wambaugh*, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become

known to the plaintiff.

Molcon's pending Complaint is dated May 19, 2017, and will be deemed filed as of that date. *See Houston v Lack*, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court). It is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time they occurred. Consequently, he can only pursue claims which occurred within the two year period preceding the filing date of this action.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired. *See Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to <u>sua sponte</u> dismiss a complaint which facially violates a bar to suit); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995); *Miller v. Hassinger*, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); *Norris v. Vaughn*, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.).

The claims against Defendant Pitkus and Sillip relating to Plaintiff's stay at St. Michael's School at some point prior to 1993 are clearly barred by Pennsylvania's controlling statute of limitations. Dismissal will therefore be

entered in favor of those two Defendants.

Second, based upon Plaintiff's contention that he has been confined at SCI-Graterford since 2007 and his vague assertion that he was raped at another state prison between 1993-2002, the claims pertaining to SCI-Frackville, the Wyoming County Prison and its Warden defendant Ameigh likewise appear to be time barred.[2] Dismissal will also be entered in favor of Defendant Ameigh.

Finally, any claims pertaining to Plaintiff's SCI-Graterford incarceration which occurred more then two years prior to the May 19, 2017 filing of this action will also be dismissed as time barred.

### D. Failure to Protect

Remaining Defendants are two SCI-Graterford employees, Correctional Officer Natal and Lieutenant Judge. Plaintiff generally alleges only that he was raped by several people at SCI-Graterford between 2007-16. Other than being listed as Defendants there is no mention of either Natal and Judge in the Complaint.

In order to set forth a viable civil rights claim, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences giving rise to the assertion of constitutional misconduct. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*,

---

[2.] There is no allegation that Plaintiff has been housed at any other correctional facility other then SCI-Graterford since 2007.

546 F.2d 1077 (3d Cir. 1976). As explained in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Under *Farmer*, an inmate must surmount the high hurdle of showing that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. *Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986), the Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive

-9-

government conduct" which would warrant recovery under § 1983. *Id.* at 347-348. Simply put, allegations of negligence "do not trigger constitutional protections." *Whooten v. Bussanich*, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[3]

As previously noted, here there are no facts alleged in the Complaint concerning either of the Remaining Defendants. Plaintiff does not maintain that he was sexually assaulted by either Natal or Judge. There is also no discernible allegation that either Natal or Judge failed to protect his safety. Since there are no facts alleged which could support a claim that the Remaining Defendants or any SCI-Graterford was aware that Plaintiff was facing a substantial risk of serious harm and deliberately failed to take appropriate action, a viable claim of deliberate indifference has not been stated under Farmer.

Moreover, based upon the criteria set forth in *Rode*, the personal involvement requirement has also not been sufficiently satisfied by Molcon, since there are no discernible allegations that the two Remaining Defendants were personally involved in any conduct which violated the Plaintiff's constitutional rights.. Therefore, even if timely raised, the claims against the two Remaining Defendants are subject to dismissal because Plaintiff has not alleged that either of

---

[3.] There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim. *See* 28 U.S.C. § 1367.

those officials was personally involved in any unconstitutional conduct.

## III. CONCLUSION

Pursuant to the above discussion, the sparsely worded complaint does not set forth a viable claim against any of the named Defendants. Since Molcon's Complaint is "based on an indisputably meritless legal theory," his pending claim will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774.

An appropriate Order will enter.[4]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[4.] If Plaintiff feels that he can cure the deficiencies outlined herein through submission of an amended complaint, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum. Any such motion for reconsideration should be accompanied by a proposed amended complaint.

-11-